# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEWANDA HUBBARD | CIVIL ACTION |
| VERSUS | NO. 13-0504 |
| WINN-DIXIE MONTGOMERY, LLC | SECTION "L" (2) |

### ORDER & REASONS

Before the Court is Defendant Winn-Dixie Montgomery, LLC's motion for summary judgment. (Rec. Doc. 16). This Court has reviewed the memoranda and applicable law, and after having heard oral argument, now issues this order and reasons.

### I.     UNCONTESTED FACTS

This personal injury action arises out a slip-and-fall incident that occurred on or about November 22, 2011. Plaintiff Shewanda Hubbard alleges that she slipped in liquid on the produce department floor of a Winn-Dixie store on Chef Menteur Highway in New Orleans, Louisiana. As a result of her fall, she claims to have suffered severe injuries, including a strained groin and a bulging vertebra. Ms. Hubbard filed suit on November 11, 2012, in the Civil District Court for the Parish of Orleans seeking damages for her injuries as well as lost wages. On March 18, 2013, the case was removed.

### II.    PRESENT MOTION

On February 5, 2014, Winn-Dixie filed the present motion for summary judgment. (Rec. Doc. 16-1). It seeks to dismiss Ms. Hubbard's claims on the basis that she has failed to make a positive showing that Winn-Dixie's employees had actual or constructive notice of the floor's condition prior to her fall. (Rec. Doc. 16-2). In particular, Winn-Dixie relies on Ms. Hubbard's explanation that the incident was a "freak accident" and on her failure to demonstrate that a Winn-Dixie employee had constructive notice of the floor's condition.

Ms. Hubbard opposes the motion on the basis that genuine issues of material fact remain. (Rec. Doc. 25). She argues that she is not required to show each and every defect that existed at the time of the incident, but rather, must only make a reasonable inference to overcome summary judgment. On that basis, she contends that factual disputes remain as to the length of time the liquid was present on the floor, the area the liquid covered, the length of time Winn-Dixie employees were in the area, and whether Winn-Dixie employees should have known about the liquid.

Winn-Dixie replies that Ms. Hubbard has failed to provide any positive evidence demonstrating that the condition existed for a period sufficient to have put it on notice. (Rec. Doc. 29). Specifically, it argues that the surveillance footage does not provide positive evidence because it does not show liquid on the floor before or after Ms. Hubbard fell, does not show anything creating a spill, does not show others slipping or avoiding the area, and does not show anyone making an attempt to clean up liquid. It also argues that the pictures of the area do not provide positive evidence because they were only taken after Ms. Hubbard fell. Last, it argues that even if Ms. Hubbard had demonstrated that there were more employees in the area, the presence of employees alone does not establish constructive notice.

Ms. Hubbard replies that the passage of time, the evidence of liquid at the time of the spill, and the presence of employees provide sufficient evidence, in totality, to create a genuine issue of material fact that precludes summary judgment. (Rec. Doc. 33).

### III. LAW & ANALYSIS

#### A. Standard

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial

burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-movant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, a court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

    **B.**    **Analysis**

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." LA. REV. STAT. § 9:2800.6. "In a negligence claim brought against a merchant . . . for damages as a result of an injury . . . sustained because of a fall," the plaintiff must prove the elements of negligence and also that "[t]he condition presented an unreasonable risk of harm [that] was reasonably foreseeable," that "[t]he merchant either created or had actual or constructive notice of the condition," and that "[t]he merchant failed to exercise reasonable care." *Id.* Without proof of each of these, the plaintiff's claim fails.

Here, Winn-Dixie contends that Ms. Hubbard has not provided any evidence that it either created or had actual or constructive notice of the floor's condition. Ms. Hubbard has not

3

presented any evidence that an employee of Winn-Dixie created the condition or otherwise had actual notice of it. Accordingly, her claim will only survive if she can demonstrate the existence of constructive notice. For constructive notice to have existed, a plaintiff "must have proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.* However, "[t]he presence of an employee . . . in the vicinity in which the condition exists does not, alone, constitute constructive notice." *Id.* As the United States Court of Appeals for the Fifth Circuit has noted, "[m]ere speculation or suggestion is not sufficient to meet this burden, and courts will not infer constructive notice for purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 329 (5th Cir. 2007); *see Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337, 339 (5th Cir. 2012).

To establish the existence of constructive notice, Ms. Hubbard relies on surveillance footage of the area in which she fell that spans the half hour prior to her fall and ends shortly thereafter. Ms. Hubbard contends that the footage proves liquid was on the floor for the entirety of that period. Although it is possible there may have been liquid on the floor during that half hour, but the footage is not probative—nor even suggestive—of that fact. It does not show any liquid on the floor, anyone or anything causing liquid to be put on the floor, anyone slipping or avoiding a liquid on the floor, or anyone attempting to remove a liquid from the floor.[1] It does

---

[1] The surveillance footage here is very similar to that offered for the same purpose in *Taylor v. Wal-Mart Stores, Inc.*, where the United States Court of Appeals for the Fifth Circuit, in an unpublished opinion, borrowed the district court's conclusions:

> The video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor. The video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area. To conclude what the plaintiff asks would require this court to draw a series of impermissible inferences unsupported by this summary judgment record.

464 F. App'x 337, 339 (5th Cir. 2012).

show several people traipsing through the area where the liquid is alleged to have been, including moments before Ms. Hubbard's unfortunate and clearly painful fall.

Ms. Hubbard contends that it is necessary to consider the totality of the evidence in determining whether constructive notice existed. Specifically, she points to the fact that there is evidence of liquid on the floor immediately after her fall and that, with the surveillance footage, this demonstrates that it must have existed for the half hour prior, as well.[2] However, because liquid is not visible in the footage, it is just as plausible that the liquid dripped from the ceiling, ran across the floor from another location, or was tracked in by another customer. In short, there is no evidence of where the liquid came from or how long it was there. Because speculation or suggestion is not sufficient to establish proof of constructive notice, Ms. Hubbard has failed to meet her burden.

### IV.  CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that Winn-Dixie's motion for summary judgment (Rec. Doc. 16) is **GRANTED** and Ms. Hubbard's claims are **DISMISSED**.

New Orleans, Louisiana, this 17thmayb day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[2] She further suggests that there are usually more employees in the produce area than in other locations in the store. Although the surveillance footage appears to show several employees, this alone does not support her assertion. Further, the statute is clear that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice . . . ." LA. REV. STAT. § 9:2800.6.